**PERERA CO., INC., Plaintiff-Appellee,**

v.

**VARIG BRAZILIAN AIRLINES, INC., Defendant-Appellant.**

**No. 984, Docket 85–7060.**

United States Court of Appeals, Second Circuit.

Argued April 1, 1985.

Decided Sept. 16, 1985.

James P. Maniatis, New York City (David Cohen, of counsel), for defendant-appellant.

Steven Goldman, New York City (Standard, Weisberg, Heckerling & Rosow, P.C. and Stanley H. Solomon, of counsel), for plaintiff-appellee.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND and NEWMAN, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Varig Brazilian Airlines, Inc. appeals from a judgment of the United States District Court for the Southern District of New York which followed a non-jury trial before Judge Richard Owen. The judgment awarded Perera Co., Inc. $150,000 plus interest for the loss in November 1981 of thirteen kilos of gold bullion while it was en route from Montevideo, Uruguay to Perera in New York City. The shipment, consisting of twelve bars, was packaged in a wooden box, the dimensions of which were approximately 30 cm. × 30 cm. × 15 cm. According to the waybill, the gold was to be carried from Montevideo to Rio de Janeiro, Brazil aboard Cruzeiro Airlines flight 941 and from Rio de Janeiro to New York City aboard Varig flight 860.

After the gold was delivered to Varig's cargo office at the airport in Montevideo, Varig's cargo supervisor boarded Cruzeiro Airlines' plane and looked for a Varig valuable cargo pouch. Unable to find one, he placed the gold inside a plastic bag, which he kept in his office for the not-infrequent occasions when aircraft arrived without a valuable cargo pouch on board. The bag differed in appearance from the pouch in that it was constructed of a net-like plastic material, while the pouch was made of opaque nylon. After placing the gold inside the bag, the supervisor attached a label to the bag which read "Varig Air Cargo, Para to NYC, VALUE". He then stowed the cargo in the hold of the aircraft, where it was when the plane departed.

En route to Rio de Janeiro, flight 941 made intermediate stops in Sao Paulo and Porto Alegre, Brazil, where Cruzeiro personnel boarded the aircraft to stow and remove cargo. Although Varig's supervisor in Montevideo had sent telexes to Varig's offices in Sao Paulo and Porto Alegre to inform them of the presence of gold on the plane, apparently the telexes never were received. In any event, the district court found that the information contained in the telexes was not conveyed to the Cruzeiro personnel who serviced the aircraft. When the plane arrived in Rio de Janeiro, the gold was gone.

Although the actual value of the gold was $150,000, Perera's consignor declared a value of $22,500 in order to secure a reduced shipping rate. When Perera sued for the full value, Varig asserted an affirm-

ative defense of limited liability based on the conditions of the contract of carriage and the provisions of the Warsaw Convention, which permit limitation of liability in the absence of wilful misconduct. *See* Warsaw Convention (also known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air), 49 U.S.C. § 1502 note. The district court found, however, that "the proximate cause of the disappearance of the cargo was [Varig's] reckless disregard in placing the gold inside a see-through net bag, labeled in such a manner to invite its theft", and concluded that Varig's reckless disregard for Perera's cargo constituted "wilful misconduct" within the meaning of Article 25(1) of the Warsaw Convention. Accordingly, it rejected Varig's affirmative defense. For the reasons that follow, we vacate and remand.

Although, in this non-jury case, the district court's conclusion that Varig was guilty of wilful misconduct is a mixed question of fact and law, *Edwards & Hanly v. Wells Fargo Securities Clearance Corp.*, 602 F.2d 478, 485 (2d Cir.1979), *cert. denied*, 444 U.S. 1045, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980); *see Antilles Steamship Co. v. Members of the American Hull Insurance Syndicate*, 733 F.2d 195, 205–06 (2d Cir.1984) (Newman, J. concurring), it nonetheless is entitled to great weight, *In re Marine Sulphur Queen*, 460 F.2d 89, 97–98 (2d Cir.), *cert. denied*, 409 U.S. 982, 93 S.Ct. 326, 34 L.Ed.2d 246 (1972). However, a thorough review of the record convinces us that the district court clearly erred in holding that Varig was guilty of wilful misconduct which was a proximate cause of the loss of Perera's gold.

■ At the outset, we find no support in the record for the district court's conclusion that the use of the yellow net bag instead of a yellow valuable cargo pouch was an obvious invitation to theft. According to Varig's traffic manual, articles such as gold, diamonds, jewelry, securities, etc. having a declared value of $1,000 or more

per kilogram are considered valuable cargo. Such cargo may be carried inside or outside a valuable cargo pouch. The nylon pouch is not burglar proof; it can be cut open. Its principal purpose is to keep small valuable parcels together so that they can be identified as such and located easily. In other words, when a yellow cargo pouch is used, it is common knowledge that its contents are valuable. In the instant case, the use of a yellow net bag bearing a tag marked "Value" conveyed exactly the same information. Its use did not constitute "a conscious intent to do or omit doing an act from which harm results to another, or an intentional omission of a manifest duty" and did not evidence "a realization of the probability of injury ... and a disregard of the probable consequences...." *Grey v. American Airlines, Inc.*, 227 F.2d 282, 285 (2d Cir.1955), *cert. denied*, 350 U.S. 989, 76 S.Ct. 476, 100 L.Ed. 855 (1956).

■ Moreover, because the gold could have been carried off as easily in a nylon pouch as in the plastic bag, and because its disappearance in the instant case is completely unexplained, Perera has failed to establish a necessary ingredient of its cause of action, *i.e.*, that the use of the bag was a proximate cause of the loss. *See Pekelis v. Transcontinental & Western Air, Inc.*, 187 F.2d 122, 124 (2d Cir.), *cert. denied*, 341 U.S. 951, 71 S.Ct. 1020, 95 L.Ed. 1374 (1951); *Wing Hang Bank, Ltd. v. Japan Air Lines Co.*, 357 F.Supp. 94, 97 (S.D.N.Y.1973); *Goepp v. American Overseas Airlines, Inc.*, 281 A.D. 105, 111–12, 117 N.Y.S.2d 276 (1952), *aff'd*, 305 N.Y. 830, 114 N.E.2d 37, *cert. denied*, 346 U.S. 874, 74 S.Ct. 124, 98 L.Ed. 382 (1953).

Varig's supervisor at Montevideo sent telexes to the Varig offices in Sao Paulo and Porto Alegre informing them of the presence of the gold on flight 941 and advising protection. It was his understanding that the Varig personnel in those cities would convey this information to Cruzeiro personnel. The unexplained fail-

ure of the information to reach Cruzeiro employees, while arguably the result of someone's negligence, has not been proven to have resulted from wilful misconduct on Varig's part. Moreover, there is no evidence in the record to indicate that the lack of notice resulted in less security than otherwise would have been present, nor that the absence of greater security caused the loss. Indeed, it may very well be that the gold was taken by a Cruzeiro employee.

██ One who ships goods at a declared value substantially below their actual worth in order to receive a reduced freight rate is gambling that the goods will not be lost through someone's negligence. If such loss occurs, the shipper or his consignee should not be entitled to recover the full value of the goods by misdescribing as wilful misconduct acts which at most are questionably negligent. According to the record, Varig admitted its liability for the declared value of the gold and offered to pay the same. Because the record does not support the district court's holding that Varig was guilty of wilful misconduct, Perera is entitled to no more. We have not considered Varig's argument, made for the first time in this Court, that Perera should recover nothing. *See Chinese Maritime Trust, Ltd. v. Panama Canal Co.,* 478 F.2d 1357, 1359 n.1 (2d Cir.1973), *cert. denied,* 414 U.S. 1143, 94 S.Ct. 894, 39 L.Ed.2d 98 (1974).

The judgment of the district court is vacated, and the matter is remanded to the district court with instructions to enter judgment in favor of Perera for $22,500 plus appropriate interest.